IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELIZABETH MARTON | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | |
| CAROSELLA AND RUSSO | : | NO. 15-3791 |
| ENTERPRISES, INC., d/b/a | : | |
| C & R BUILDING SUPPLY | : | |

### MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                                                                    SEPTEMBER  23, 2015

    Defendant Carosella and Russo Enterprises, Inc., d/b/a C & R Building Supply (Defendant) has filed a Motion to Dismiss Count II of Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. Count II of the Complaint alleges violations of the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA").  Defendant now moves to dismiss this claim on the grounds that during the relative time period, Defendant and its affiliated entities had less than 50 employees and, therefore, Defendant is not a "covered employer" pursuant to the FMLA.

    Paragraph 44 of the Complaint alleges "At all times pertaining hereto, Defendant has been engaged in an industry effecting commerce and has had fifty (50) or more employees in twenty (20) or more work weeks in the current or proceeding calendar year."

    The alleged lack of the required fifty (50) employees for the twenty (20) work weeks period is the only basis raised to support the present motion to dismiss Count II of the Complaint.

    When reviewing a Complaint for purposes of a Motion to Dismiss, the Court must

"accept all factual allegations as true [and] construe the Complaint in the light most favorable to the Plaintiff." DelRio-Mocci v. Connolly Props., 672 F.3d 241, 245 (3d Cir. 2012) (citing Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 83 (3d Cir., 2011)). "A motion to dismiss pursuant to 12(b)(6) may be granted 'only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that plaintiff's claims lack facial plausibility.'" DelRio-Mocci, 672 F.3d at 245 (citing Warren Gen. Hosp., 643 F.3d at 84).

When considering a motion to dismiss under Rule 12(b)(6), "a court must consider only the complaint, exhibits attached to the complaint, [and] matters of public record, as well as *undisputedly authentic documents if the complainant's claims are based upon these documents.*" Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)) (emphasis added); see also Mejias v. Am. Boychoir Sch., 2011 U.S. Dist. LEXIS 82692, *8 (D. N.J. July 27, 2011) (courts "may not consider matters extraneous to the pleadings on a 12(b)(6) motion to dismiss"). A document does not form the basis of a claim, and thus may not be considered by the court, unless it is "integral to or explicitly relied upon in the complaint." See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997) (hereinafter "Burlington").[1] In turn, a document is not "integral to" a complaint unless "the claims in the complaint are 'based' on [the] extrinsic

---

[1] As the Third Circuit explained in Burlington, the rule allowing courts to consider "undisputedly authentic documents" upon which the plaintiff's claims are based is designed to prevent the plaintiff from "maintain[ing] a claim of fraud by extracting an isolated statement from a document and placing it in the complaint, even though if the statement were examined in the full context of the document, it would be clear that the statement was not fraudulent." Id. at 1426; see also Hofferica v. St. Mary Med. Ctr., 817 F. Supp. 2d 569, 573 (E.D. Pa. 2011) (clarifying that the rule, and the reasoning behind it, also applies in non-fraud cases).

document," in that the plaintiff "rel[ies] on the submitted documents when asserting claims in the [complaint]." Hepner v. Thomas Jefferson Univ. Hosps., Inc., 2013 U.S. Dist. LEXIS 74839, *12 (E.D. Pa. May 24, 2013) (citing Burlington, 114 F.3d at 1426).

Defendant has attached to its Motion to Dismiss the Complaint approximately 226 pages of exhibits containing a Declaration of Mario Carosella, Jr. and other purported company records which Defendant claims prove that during the relevant time period Defendant did not have fifty (50) or more employees for the required twenty (20) work weeks period.

These are clearly not "matters of public record". See Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1197 (3d Cir. Pa. 1193) (defining a "public record, for purposes of what properly may be considered on a motion to dismiss" as a document to which "the public ha[s] unqualified access"). Nor do the exhibits attached to the Motion to Dismiss qualify for consideration because they are "integral to or explicitly relied upon in the Complaint." See Burlington, 114 F.3d at 1426 (3d Cir. 1997). The Complaint makes no explicit reference to or relies in any way upon the documents submitted by Defendant.

Defendant has filed a reply brief in further support of its Motion to Dismiss where at page 3 Defendant cites a number of cases in support of its argument. In everyone of those cases the Complaint clearly and explicitly referred to the documents that the Courts ultimately considered in deciding the motion to dismiss. They do not help the Defendant's position in this Motion.

For the above reasons we hold that Defendant's Motion to Dismiss Count II of the Complaint is denied.

We enter the following Order.